UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

---

KENNETH B. GREEN,                                    :
                                                     :
              Petitioner,                            :        Civ. No. 21-16165 (KM)
                                                     :
       v.                                            :
                                                     :
RAYMOND ROYCE, ADMINISTRATOR,                        :        **MEMORANDUM AND ORDER**
NEW JERSEY STATE PRISON, et al.,                     :
                                                     :
              Respondents.                           :
                                                     :

---

Pro se Petitioner Kenneth B. Royce seeks a writ of habeas corpus pursuant to 28 U.S.C. § 2254. (DE 1.) Petitioner challenges a 2013 New Jersey state conviction for armed robbery and related offenses (*Id.*). Upon screening the petition, the Court has determined that dismissal without an answer and the record is not warranted. *See* Rule 4 of Rules Governing § 2254 Cases.

**IT IS**, therefore, on this 3d day of February, 2022,

**ORDERED** that the Clerk of Court shall serve, pursuant to Rule 4 of the Rules Governing § 2254 Cases and the Memorandum of Understanding between this Court and the Bureau, a Notice of Electronic Filing of this Order on the State of New Jersey, Department of Law & Public Safety, Division of Criminal Justice, Appellate Bureau ("the Bureau"); and it is further

**ORDERED** also in accordance with the Memorandum of Understanding, that if the Bureau intends to refer the action to a county prosecutor's office, the Bureau will use its best efforts to upload to CM/ECF a "referral letter" indicating the name of that office within fourteen (14) calendar days from the date of this Order; and it is further

**ORDERED** that where a petition appears to be untimely under the Antiterrorism and Effective Death Penalty Act of 1996, within forty-five (45) days of the date this Order is filed, Respondents may file a motion to dismiss the petition on timeliness grounds only, provided that the motion (1) attaches exhibits that evince all relevant state-court filing dates, (2) contains legal argument discussing pertinent timeliness law, and (3) demonstrates that an answer to the merits of the petition is unnecessary; and it is further

**ORDERED** that if a motion to dismiss is filed, petitioner shall have thirty (30) days to file an opposition brief, in which Petitioner may argue any bases for statutory and/or equitable tolling, and to which Petitioner may attach any relevant exhibits; and it is further

**ORDERED** that if Petitioner files an opposition, Respondents shall have ten (10) days to file a reply brief; and it is further

**ORDERED** that if the motion to dismiss is subsequently denied, the Court will then direct Respondents to file a full and complete answer to all claims; and it is further

**ORDERED** that if Respondents do not file a motion to dismiss the petition, Respondents shall file a full and complete answer to all claims asserted in the petition within forty-five (45) days of the entry of this order; and it is further

**ORDERED** that Respondents' answer shall respond to each factual and legal allegation of the petition, in accordance with Rule 5(b) of the Rules Governing § 2254 Cases; and it is further

**ORDERED** that Respondents' answer shall address the merits of each claim raised in the petition by citing to relevant federal law; and it is further

**ORDERED** that, in addition to addressing the merits of each claim, Respondents shall raise any appropriate defenses including, but not limited to, exhaustion and procedural default, and also including, with respect to the asserted defenses, relevant legal arguments with citations to appropriate federal legal authority; all non-jurisdictional affirmative defenses subject to waiver not raised in Respondents' answer or at the earliest practicable moment thereafter may be deemed waived; and it is further

**ORDERED** that Respondents' answer shall adhere to the requirements of Rule 5(c) and (d) of the Rules Governing § 2254 Cases in providing the relevant state-court record of proceedings, including any pro se filings; and it is further

**ORDERED** that the answer shall contain an index of exhibits identifying each document from the relevant state-court proceedings that is filed with the answer; and it is further

**ORDERED** that Respondents shall electronically file the answer, the exhibits, and the list of exhibits; and it is further

**ORDERED** that all exhibits to the answer must be identified by a descriptive name in the electronic filing entry, for example:

"Exhibit #1 Transcript of [type of proceeding] held on XX/XX/XXXX" or

"Exhibit #2 Opinion entered on XX/XX/XXXX by Judge YYYY"; and it is further

**ORDERED** that Petitioner may file and serve a reply to the answer within forty-five (45) days after respondents file the answer, *see* Rule 5(e) of Rules Governing § 2254 Cases; and it is further

**ORDERED** that, within seven (7) days after any change in Petitioner's custody status, be it release or otherwise, respondents shall electronically file a written notice of the same with the Clerk of the Court; and it is further

**ORDERED** that the Clerk of the Court shall serve a copy of this order on Petitioner by regular U.S. mail.

/s/ Kevin McNulty

_____

KEVIN MCNULTY
United States District Judge