

**UNION COUNTY PROSECUTOR'S OFFICE**
ANDREW K. RUOTOLO JR. JUSTICE CENTER
32 RAHWAY AVENUE
ELIZABETH, NEW JERSEY 07202-2155
(908) 527-4500     FAX: (908) 289-1267
UCPO@ucnj.org

May 6, 2022

Hon. Kevin McNulty, U.S.D.J.
United States District Court
Martin Luther King, Jr. Federal
Building and U.S. Courthouse
50 Walnut Street
Newark, New Jersey 07101

Re:   Kenneth B. Green v. Raymond Royce, Administrator,
      New Jersey State Prison, et al.
      Civil Action No. 21-16165 (KM)

Your Honor:

On April 19, 2022, petitioner filed a letter with this Court advising of a conflict of interest since Union County Prosecutor William A. Daniel conducted the Miranda Hearing in the trial court, and the decision from the Miranda Hearing is one of the grounds raised in petitioner's habeas petition.  (ECF No. 8).  On April 26, 2022, this Court interpreted petitioner's letter to be a Motion for Recusal of the Union County Prosecutor, and ordered respondents to respond to the motion within thirty days, thereby rendering our response due on May 26, 2022.  (ECF No. 9).  Respondents' response now follows.

"The disqualification of Government counsel is a drastic measure and a court should hesitate to impose it except where necessary." United States v. Bolden, 353 F.3d 870, 878 (10th Cir. 2003) (internal citation omitted); United States v. Vega, 317 F.Supp.2d 599, 602 (3d Cit. 2004).  Courts have allowed the disqualification of government counsel "only in limited circumstances," and "every circuit court that has considered the disqualification of an entire United States Attorney's office has reversed the disqualification." Bolden, 353 F.3d at 878-79 (citing Young v. United States, 481 U.S. 787, 807 (1987); United States v. Heldt, 668 F.2d 1238 (D.C. Cir. 1981); United States v. Prantil, 764 F.2d 548, 552-53 (9th Cir. 1985); United States v. Whittaker, 268 F.3d 185 (3d Cir. 2001);

Green v. Royce, et al., #21-16165 (KM)
Page 2
May 6, 2022

United States v. Vlahos, 33 F.3d 758 (7th Cir. 1994); United States v. Caggiano, 660 F.2d 184 (6th Cir. 1981)).

Indeed, "[w]hile a private attorney's conflict of interest may require disqualification of that attorney's law firm in certain cases, such an approach is not favored when it comes to the office of a United States Attorney[.]" United States v. Hasarafally, 529 F.3d 125, 128 (2d Cir. 2008) (internal citations omitted). Instead, "the generally accepted remedy is to disqualify 'a specific Assistant United States Attorney ..., not all the attorneys in' the office." Bolden, 353 F.3d at 879 (quoting Crocker v. Durkin, 159 F.Supp.2d 1258, 1284 (D. Kan. 2001)). In the rare circumstance, though, where a defendant has raised "a credible allegation of a prosecutor's conflict of interest or other relationship that would create the appearance of an improper motivation in the prosecution," Vega, 317 F.Supp.2d at 602, the court must "balance proper considerations of judicial administration against the United States' right to prosecute the matter through counsel of its choice, i.e., the duly appointed United States Attorney." United States v. Whittaker, 268 F.3d 185, 194-95 (3d Cir. 2001).

Since being sworn in as the Union County Prosecutor, Prosecutor Daniel has been walled off from matters in which he sat as the trial court judge and that are now pending in the Appellate Division and Law Division. Instead, First Assistant Prosecutor James O. Tansey is the Designated Prosecutor on those specific cases, and Prosecutor Daniel has no involvement or supervision over them.

In this case, Prosecutor Daniel sat as the trial judge for petitioner's Miranda Hearing. However, just as in those other cases, Prosecutor Daniel has no involvement with this case, and First Assistant Prosecutor Tansey is the Designated Prosecutor.[1] Thus, since Prosecutor Daniel is walled off from this case, it is not necessary to disqualify the entire Union County Prosecutor's Office. As noted by the Second Circuit,

---

[1] Respondents acknowledge that an earlier request for an extension of time to file respondents' Answer was filed with Prosecutor Daniel's name on the letterhead. Unfortunately, due to my heavy workload, I did not have the opportunity to review petitioner's prior files and procedural history at that time to discover Prosecutor Daniel's involvement in the pretrial motion. However, Prosecutor Daniel has had no involvement in this case and will not have any involvement going forward. Rather, First Assistant Prosecutor James O. Tansey is the Designated Prosecutor for the purpose of this habeas proceeding.

Green v. Royce, et al., #21-16165 (KM)
Page 3
May 6, 2022

> We accept the government's representation that [the Attorney General] will play no role in [defendant's] appeal, and that, in the unlikely event any supervision at the level of the Attorney General's office is necessary, it will be carried out by the Solicitor General or by a Deputy or Associate Attorney General. In these circumstances, recusal of the entire Department of Justice is both unnecessary and inappropriate.
>
> [Hasarafally, 529 F.3d at 128].

Similarly, here, Prosecutor Daniel will play no role in petitioner's habeas proceeding, and in the event higher supervision is required for this case, it will be carried out by First Assistant Prosecutor Tansey. Therefore, recusal of the entire Union County Prosecutor's Office is not necessary, and petitioner's Motion for Recusal should be denied.

Respectfully submitted,

JAMES O. TANSEY
First Assistant Prosecutor of Union County
Designated Prosecutor for Purpose of this Matter

s/ Meredith L. Baló

By:   MEREDITH L. BALO
      Assistant Prosecutor
      Attorney ID No. 019002007

c   Kenneth B. Green, pro se #844043/797532B