UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| KENNETH B. GREEN, | Civil Action No. 21-16165 (KM) |
| Petitioner, | |
| v. | **MEMORANDUM ORDER** |
| RAYMOND ROYCE, et al., | |
| Respondents. | |

Pro se petitioner Kenneth B. Green, an inmate incarcerated at New Jersey State Prison, filed this petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. DE 1. The respondents are represented by an assistant prosecutor in the office of the Union County Prosecutor, William A. Daniel, who was formerly a New Jersey Superior Court judge. Green now moves to compel the recusal of Daniel and/or the entire Union County Prosecutor's Office from this matter because Daniel, when he was a judge, presided over certain pretrial proceedings in Green's underlying criminal case. DE 8. As to Prosecutor Daniel, the motion is denied as moot, because he has had and will have no involvement in this habeas proceeding. As to the Union County Prosecutor's Office generally, the motion is denied.

In 2013, Green was convicted of several offenses—including armed robbery, carjacking, burglary, and weapons offenses—in connection with the robbery of an off-duty Newark police officer and his companion at the Swan Motel in Linden, New Jersey, and a subsequent carjacking from the motel parking lot as he fled the scene. DE 1 at 3; *State v. Green*, No. A-2342-13T3, 2017 WL 919256, at *1, *3 (N.J. Super. Ct. App. Div. Mar. 8, 2017). Green was sentenced to an aggregate term of 40 years in prison subject to the No Early Release Act, N.J.S.A. 2C:43-7.2, and a consecutive sentence of ten years' incarceration, with five years

of parole ineligibility, for the weapons charge (which was charged in a separate indictment). *Id.* at *3.

In 2017, the Appellate Division affirmed the conviction and length of the sentences, but remanded for the trial court to articulate its reasons for imposing consecutive sentences, and to clarify whether Green had been awarded appropriate jail credits. *Id.* at *15. Green's petition for certification was denied in 2017. *State v. Green*, 231 N.J. 404, 176 A.3d 213 (2017); *State v. Green*, 231 N.J. 409, 176 A.3d 216 (2017). Green petitioned for post-conviction relief ("PCR"), alleging ineffective assistance of trial counsel, *State v. Green*, No. A-5522-18T2, 2021 WL 343443, at *1 (N.J. Super. Ct. App. Div. Feb. 2, 2021); that petition was denied without a hearing in 2019, *id.*; in February 2021, the Appellate Division affirmed, *id.*; and in June 2021, Green's petition for certification was denied, *State v. Green*, 246 N.J. 431, 251 A.3d 746 (2021).

In August 2021, Green filed this petition, raising six grounds for relief, most of which relate to alleged trial errors not now relevant. DE 1 at 1–19. But one claim relates to a pretrial hearing; specifically, Green alleges that the PCR court relied on testimony from Green's *Miranda* hearing to reject one of his claims—that counsel was ineffective for failing to pursue a diminished capacity defense—as not credible. *Id.* at 15. In March, an assistant prosecutor, Meredeith Baló, filed a letter (DE 6) seeking an extension of time to respond; the letter listed Daniel in the letterhead and was signed:

> Very truly yours,
>
> WILLIAM A. DANIEL
>
> Prosecutor of Union County
>
> s/ Meredith Baló

This letter prompted Green to write a letter (DE 8) informing the Court of a "conflict of interest"; namely, that Daniel, who was then a judge, presided over the *Miranda* hearing referenced above (but not, evidently, the rest of his criminal proceedings). I construed Green's letter as a motion to compel Daniel's recusal (DE 9) and ordered the State to respond (DE 9).

Baló responded on May 6, 2022, and acknowledged that Daniel presided over Green's *Miranda* hearing. DE 10 at 2. However, she represented that "since being sworn in as the Union County Prosecutor, Prosecutor Daniel has been walled off from matters in which he sat as the trial court judge and that are now pending in the Appellate Division and Law Division. Instead, First Assistant Prosecutor James O. Tansey is the Designated Prosecutor on those specific cases, and Prosecutor Daniel has no involvement or supervision over them." *Id*. As to why Daniel's name was included on the letterhead and signature line if he had been "walled off," Baló further represented that (1) the inclusion of Daniel's name in the letter requesting an extension was an administrative error, and he has had no involvement in this habeas case; (2) Daniel will not be involved in this case going forward; and (3) the First Assistant Prosecutor, James O. Tansey, will be the designated prosecutor on this matter going forward. DE 10 at 3 n.1. *See also id.* at 3 (representing that "Prosecutor Daniel will play no role in petitioner's habeas proceeding and in the event higher supervision is required for this case, it will be carried out by First Assistant Prosecutor Tansey.").

I accept the representations in Baló's May 6, 2022 letter, i.e., that Mr. Daniel has already recused from this matter, has had no past involvement in this case, and will have no future involvement in the case. Further, the assignment of a designated prosecutor—First Assistant Prosecutor Tansey—with supervisory powers is an accepted procedure to ensure an ethical wall between Prosecutor Daniel and this habeas proceeding. *See, e.g.*, *United States v. Shah*, 43 F.4th

3

356, 363–64 (3d Cir. 2022) ("To avoid taint, [United States Attorney's offices] use methods to wall off the attorney from cases in which he played a role while in practice. Disqualification of an entire USAO is required only when screening devices, aimed at ensuring [the disqualified] counsel is in no way involved in the case giving rise to the conflict, were not used or were ineffective.") (citing *United States v. Goot*, 894 F.2d 231, 234–35 (7th Cir. 1990)); *United States v. Hasarafally*, 529 F.3d 125, 128 (2d Cir. 2008) ("With respect to Attorney General Mukasey's potential conflict of interest [arising from his previous role as a district judge who presided over defendant's criminal trial], we may dispose of that quickly. Whatever conflict would exist were the Attorney General serving as prosecutor in this case, it has been avoided by virtue of his recusal. We accept the government's representation that Attorney General Mukasey will play no role in Hasarafally's appeal, and that, in the unlikely event any supervision at the level of the Attorney General's office is necessary, it will be carried out by the Solicitor General or by a Deputy or Associate Attorney General."). Accordingly, as Daniel has already recused from this matter and the Office has established an ethical wall preventing his involvement in this case, Green's motion to compel Daniel's recusal is denied as moot.[1]

To the extent Green seeks the recusal of the entire Union County Prosecutor's Office, the motion is denied. Having accepted Baló's representations above, I agree with the State that because "Prosecutor Daniel is walled off from this case, it is not necessary to disqualify the entire Union County Prosecutor's Office." DE 10 at 2. The circumstances of this case do not support the drastic remedy of disqualification of the entire office. *See United States v. Bolden*,

---

[1]     I also take judicial notice that the standard signature block for a prosecutor's office, including that of the U.S. Attorney, names the head of the office, "by" whatever attorney is actually doing the case. It is not necessarily indicative of actual involvement by the County prosecutor or the U.S. Attorney individually. As noted, the office has taken steps to ensure that there is no personal involvement by Mr. Daniel.

353 F.3d 870, 875 (10th Cir. 2003) ("the disqualification of Government counsel is a drastic measure, and even where it is shown that an Assistant United States Attorney is subject to a conflict of interest, the proper remedy generally is to remove that individual, not all of the attorneys in the district, from the case") (citations omitted; cleaned up).

There are no allegations that would give rise to a potential conflict of interest requiring the disqualification of the entire Union County Prosecutor's office.[2] As a state court judge, Daniel presided over Green's *Miranda* hearing. DE 10 at 3. It appears that Green's only ground for habeas relief that potentially involves the *Miranda* hearing is his claim of ineffective assistance of counsel. DE 1 at 14–15. He does not appear to allege error at the hearing by then-Judge Daniel; rather, he argues that his trial counsel was ineffective by failing to investigate and pursue a diminished capacity defense. As evidence of his counsel's alleged ineffectiveness, Green states only: "The PCR Court rejected this claim, relying on Officer Novak's testimony at the *Miranda* hearing." *Id.* at 15. On this record, there is no basis for disqualifying the entire

---

[2] In *Hasarafally*, the Second Circuit described the potential for several types of conflict of interest when a judge becomes a prosecutor:

> There are also, no doubt, numerous examples of other prosecutors, at both the federal and state levels, who have come to their positions with valuable judicial experience. *See, e.g.*, *State v. Tate*, 925 S.W.2d 548, 549 (Tenn. Crim. App.1995); *Commonwealth v. Ford*, 539 Pa. 85, 650 A.2d 433, 443 (1994); *Ross v. State*, 8 Wyo. 351, 57 P. 924, 925 (1899).
>
> We find very little precedent, however, on the potential conflict of interest created by the transition from judge to prosecutor in any given case. Such a conflict surely may exist in certain circumstances, as when a trial judge receives confidential communications by the defendant during *ex parte* proceedings, and then goes on to act as a prosecutor in the same case, *see Tate,* 925 S.W.2d at 553–54, or when a trial judge who has been personally criticized or shown disrespect by a party goes on to prosecute this party for criminal contempt, *cf.* Fed. R. Crim. P. 42(a)(3) (prohibiting such a judge from presiding at the contempt trial absent defendant's consent). In other circumstances, the alleged conflict may be absent, particularly when the prosecutor has had only minimal involvement as trial judge in the defendant's case. *See Ross,* 57 P. at 925–26 (holding no conflict to exist where the prosecutor, in his prior role as judge, had merely denied defendant bail).

*Hasarafally*, 529 F.3d 125, 127 (2d Cir. 2008).

Union County Prosecutor's Office. Green's concerns regarding any potential conflict that may exist from Daniel presiding over Green's *Miranda* hearing are fully met by Daniel's recusal. Many cases have so held in the analogous context of a former judge who has been appointed U.S. Attorney. *See, e.g.*, *Bolden*, 353 F.3d at 878–79 ("[B]ecause disqualifying government attorneys implicates separation of powers issues, the generally accepted remedy is to disqualify a specific Assistant United States Attorney, not all the attorneys in the office. In light of these principles, every circuit court that has considered the disqualification of an entire United States Attorney's office has reversed the disqualification.") (quoting *Crocker v. Durkin,* 159 F.Supp.2d 1258, 1284 (D. Kan. 2001); cleaned up); *United States v. Farrell*, 115 F. Supp. 3d 746, 764 (S.D.W. Va. 2015) (no basis "for imposing the drastic remedy of disqualifying the entire U.S. Attorney's Office" where "the Court has not found more than a *de minimis* personal or financial interest in the outcome of this case on the part of the three supervisory attorneys or the two other prosecutors assigned to this case" and "no conflict of interest has been uncovered which may be imputed to the entire U.S. Attorney's Office"); *United States v. Vlahos*, 33 F.3d 758, 762–63 n.5 (7th Cir. 1994) (vacating order disqualifying entire U.S. Attorney's office, and finding that prosecutor was not conflicted, but that, even if she had been, a conflict-free prosecutor could have been appointed); *United States v. Caggiano*, 660 F.2d 184, 185, 190–91 (6th Cir. 1981) (reversing disqualification of an entire U.S. Attorney's office, where defendant's former lawyer was screened from participation).

Accordingly, **IT IS** this 22d day of November, 2022,

**ORDERED** that Green's motion to compel Daniel's recusal from this habeas proceeding (DE 8) is DENIED as moot; and is further

**ORDERED** that to the extent Green seeks to compel the recusal of the entire Union County Prosecutor's Office, his motion (DE 8) is DENIED; and it is further

**ORDERED** that respondents shall file a full and complete answer within 45 days of the date this memorandum order is filed; and it is further

**ORDERED** that Green may file and serve a reply to the answer within 45 days after respondents file the answer; and it is further

**ORDERED** that the Clerk of the Court shall serve a copy of this Memorandum Order upon Green by regular U.S. mail.

/s/ Kevin McNulty
_____
KEVIN MCNULTY
United States District Judge